IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN FLANGE and GREIF, INC.<br><br>　　　　　　Defendants. | Civil Action No: 1:21-cv-5552<br><br>**COMPLAINT**<br><br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Marquez Griffin ("Griffin"). As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that American Flange and Greif, Inc. ("Defendants") violated the Americans with Disability Act (as amended) 42 U.S.C. § 12112(a) and (b), when it subjected Griffin to an adverse employment action because of his disability, as defined by 42 U.S.C. 12102(1).

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 194 ("Title VII), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

1

2. The employment practices alleged to be unlawful were committed in the Northern District of Illinois.

## PARTIES AND OTHER PERSONS

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 107(a) of the ADA, 42 U.S.C. 12117(a), which incorporates 42 U.S.C.§ 2000e-5(f)(1) and (3) by reference.

4. At all relevant times, Defendants have continuously been and are now corporations doing business in the Northern District of Illinois in the city of Carol Stream, Illinois, and each Defendant has continuously had and does now have at least fifteen (15) employees. American Flange is a wholly-owned subsidiary of Greif, Inc.

5. At all relevant times, each Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h), and Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates the preceding sections by reference.

6. At all relevant times, each Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Griffin filed a charge with EEOC alleging violations of the ADA.

8. On February 12, 2021, EEOC issued a Letter of Determination on Griffin's charge finding reasonable cause to believe that American Flange and Greif, Inc. violated the ADA.

9. EEOC invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendants to provide them the opportunity to remedy discriminatory practices described in the Letter of Determination.

11. By letter dated August 4, 2021, EEOC informed Defendants that it was unable to secure a conciliation agreement acceptable to EEOC.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

13. On September 20, 2019, Griffin began working with Defendants as a Material Handler through a staffing firm.

14. From September 20, 2019 through October 10, 2019, both American Flange and Greif, Inc. were Griffin's employer.

15. From September 20, 2019 through October 10, 2019, Defendants exerted control over the conduct of Griffin's work:

   a. Defendants provided Griffin with direction on scheduling of his work.

   b. Defendants provided Griffin with direction on performance of his work.

   c. Griffin's position at Defendants did not require significant specialized skills.

   d. From September 20, 2019 through October 10, 2019, Defendants were responsible for the costs of operation related to Griffin's service, including providing him with equipment, supplies, and a workplace.

16. Griffin's placement with Defendants was a temporary to permanent position.

17. At all relevant times, Griffin was a qualified individual with a disability under the ADA. 42 U.S.C. § 12102 (a), (c); 42 U.S.C. § 12111(8). Griffin has an impairment (a seizure

3

disorder), that substantially limits his major life activities of thinking, concentrating and caring for himself. From September 20, 2019 through October 10, 2019, Griffin could and did perform the essential functions of his position as a Material Handler.

18. In October 2019, Defendants discriminated against Griffin by refusing to provide him with a reasonable accommodation and took an adverse employment action because of his disability and/or need for accommodation. 42 U.S.C. § 12102(a), (c); 42 U.S.C. § 12112(a).

   a. On September 30, 2019, Griffin began experiencing symptoms of a seizure and informed Defendants that he needed the day off for medical reasons and thereafter provided Defendants with a note from his doctor stating that Griffin was absent due to his seizure disorder and asking that his absence be excused. Defendants did not excuse the absence.

   b. Again, on October 9, 2019, Griffin began experiencing symptoms of a seizure and notified Defendants that he would not be in. Defendants did not excuse this absence.

   c. As a result of his two disability-related absences, Griffin accumulated two attendance points. He had an additional half point for leaving early one day for non-disability related reasons.

   d. On October 10, 2019, Defendants contacted the staffing company who had placed Griffin instructing them to let Griffin know that Defendants were terminating Griffin's assignment because he had received 2.5 attendance points.

   e. In response to Defendants' instruction, the employee at the staffing company informed Defendants that Griffin's absences were due to his seizure disorder and asked Defendants to reconsider their termination of Griffin

   f. Despite this request, Defendants did not reconsider their termination decision.

19. The effect of the practices complained of in paragraphs 17 and 18, above, has been to deprive Griffin of equal employment opportunities and otherwise adversely affect his status as an employee on the basis of disability.

20. The unlawful employment practices complained of were intentional.

21. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Griffin.

### **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that violate the ADA;

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees, and which eradicate the effects of their past and present unlawful employment practices described herein;

C. Order Defendants to make Griffin whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described herein, including without limitation, reinstatement;

D. Order Defendants to make Griffin whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein;

E. Order Defendants to make Griffin whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described herein, including but

not limited to emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

    F.    Order Defendants to pay Griffin punitive damages for their malicious and reckless conduct in amounts to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMANDED

EEOC requests a jury trial on all questions of fact raised by its complaint

Gwendolyn Young Reams
Acting General Counsel

Equal Employment
Opportunity Commission
131 M. St. NE
Washington, DC 20507

Gregory Gochanour
Regional Attorney

Ethan Cohen
Supervisory Trial Attorney

Hannah Henkel
Trial Attorney

s/ Laurie Elkin
Laurie Elkin
Trial Attorney
Equal Employment
Opportunity Commission
230 S. Dearborn St. Ste. 2900
Chicago, IL 60604
(312) 872-9708
laurie.elkin@eeoc.gov