THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 21 C 5552 |
| v. | ) ) | Judge Virginia M. Kendall |
| AMERICAN FLANGE and GREIF, INC., | ) ) ) | |
| *Defendant*s. | ) | |

## MEMORANDUM OPINION & ORDER

On January 7, 2022, The Equal Employment Opportunity Commission ("EEOC") filed a First Amended Complaint ("FAC") against Defendants American Flange and Greif, Inc. (together, "Defendants"). (Dkt. 19). The EEOC claims that Defendants violated the Americans With Disabilities Act ("ADA") by refusing to provide reasonable accommodations to a former employee, Marquez Griffin, and by ultimately terminating Griffin's employment. (*Id.* ¶ 21). Now before the Court is Greif's Motion to Dismiss the FAC for EEOC's alleged failure to exhaust administrative remedies. (Dkt. 23). For the following reasons, Greif's Motion to Dismiss [23] is denied. In addition, Greif's Motion to Dismiss the original Complaint [14] is dismissed as moot given the EEOC's filing of its FAC.

## BACKGROUND

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The following factual allegations are taken from the EEOC's FAC, (Dkt. 19) and are

1

assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

American Flange is a wholly owned subsidiary of Greif, and at all relevant times, Greif managed and compensated American Flange's temporary employees. (Dkt. 19 ¶¶ 4–5). As such, Defendants allegedly operate as "a single employer." (Dkt. 19 ¶ 6). The EEOC asserts that Defendants employed Griffin from September 20, 2019, through October 10, 2019. (*Id.* ¶ 17; *see also id.* ¶¶ 16 (noting that Griffin worked as a Material Handler), 19 (clarifying that Griffin held a "temporary to permanent position" with Defendants)). Both Defendants "exerted control over the conduct of Griffin's work" by, for example, furnishing Griffin with equipment and supplies; directing his schedule; and providing feedback on his job performance. (*Id.* ¶ 18).

Griffin called out sick on two occasions within the first month of his employment. First, on September 30, 2019, Griffin experienced symptoms of a seizure and told Defendants he needed the day off for medical reasons. (*Id.* ¶ 21(a)). Griffin subsequently provided Defendants a doctor's note stating that his absence stemmed from a seizure disorder and requesting that his absence be excused. (*Id.*). Defendants declined to excuse this absence. (*Id.*). Second, on October 9, 2019, Griffin again informed Defendants that he could not attend work due to seizure-related symptoms, and again Defendants did not excuse his absence. (*Id.* ¶ 21(b)). On a third, unspecified date, Griffin left work early for reasons unrelated to his disability, which Defendants similarly did not excuse. (*Id.* ¶ 21(c)). Defendants ultimately terminated Griffin for these unexcused attendance issues on October 10, 2019. (*Id.* ¶ 21(c)). Defendants allegedly declined to reconsider their termination decision after being informed that Griffin's absences were due to his seizure disorder. (*Id.* ¶¶ 21(e)–(f)).

Griffin next filed an EEOC charge against American Flange alleging that his firing violated the ADA. (*Id.* ¶ 9). Critically, Greif was not named in Griffin's charge. However, the EEOC's investigation revealed that (1) "both Greif and American Flange employed the employees at the American Flange facility," and (2) "all temporary employees <u>would be</u> paid and controlled by Greif <u>once they obtained permanent employment</u>." (*Id.* (emphasis added)).[1] The EEOC further alleges that Greif knew or should have known that Griffin's charge concerned Greif's own conduct and employment practices, given Greif's control over American Flange's operations. (*Id.* ¶ 12).

Thus, on February 12, 2021, EEOC issued a Letter of Determination finding reasonable cause to believe that both Defendants violated the ADA in their dealings with Griffin. (*Id.* ¶ 10). The EEOC communicated with Defendants and afforded both the opportunity to engage in efforts to remedy the underlying issues and conciliate the matter. (*Id.* ¶¶ 11 ("EEOC invited both Defendants to join with the Commission in informal methods of conciliation."), 13 ("The Commission engaged in communications with Defendants to provide each of them the opportunity to remedy discriminatory practices described in the Letter of Determination. Each Defendant had the opportunity to engage in conciliation efforts on its own behalf.")). Ultimately, on August 4, 2021, the EEOC informed Defendants that the parties failed to reach an acceptable conciliation agreement. (*Id.* ¶ 14). The EEOC then initiated the present enforcement action on October 19, 2021, (Dkt. 1), and filed its FAC on January 7, 2022, (Dkt. 19). Greif now moves to dismiss the FAC, arguing that Plaintiff's claim against Greif should be dismissed for failure to exhaust administrative remedies. (*E.g.*, Dkt. 24 at 2–3).

---

[1] The Court notes that the FAC appears to be internally inconsistent regarding whether Greif compensated American Flange's temporary employees, such as Griffin. (*Compare* Dkt. 19 ¶ 5 ("At all relevant time[s] Greif employees managed the temporary employees at the American Flange facility. <u>This included payment to the temporary employees through American Flange</u>.") (emphasis added), *with id.* ¶ 9 ("[T]he EEOC determined that both Greif and American Flange employed the employees at the American Flange facility and that <u>all temporary employees would be paid and controlled by Greif once they obtained permanent employment</u>.") (emphasis added)).

3

## **LEGAL STANDARD**

"To survive a motion to dismiss under 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [his] favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 566 U.S. at 678).[2]

---

[2] The EEOC cursorily posits that the *Iqbal* and *Twombly* pleading standards "are not appropriate for employment discrimination cases." (Dkt. 28 at 2). Plaintiff misconstrues the case law cited for this proposition. For example, Plaintiff refers to *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013), which concerned "some unresolved tension" between the Supreme Court's decisions in *Iqbal*, *Twombly*, and *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). *Luevano*, 722 F.3d at 1028. The EEOC does not delve into what this "unresolved tension" entailed or otherwise explain how *Luevano* renders *Iqbal* and *Twombly* inapposite. However, *Luevano* concludes that "[n]either *Iqbal* nor *Twombly* overruled *Swierkiewicz*." *Id.* In turn, *Swierkiewicz* held that "the ordinary rules for assessing the sufficiency of a complaint apply" at the motion to dismiss stage of a Title VII case. *Swierkiewicz*, 534 U.S. at 511 ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. . . . Title VII complaint[s] [do not] require[] greater 'particularity.'"). These precedents do not support Plaintiff's proposition that *Iqbal* and *Twombly* are inapplicable to this case. In addition, other cases cited in Plaintiff's Opposition brief apply *Iqbal* and/or *Twombly* to Title VII disputes, further belying this argument. *See Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632–33 (7th Cir. 2013); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082–85 (7th Cir. 2008). Finally, Greif correctly points out that courts routinely apply the *Iqbal* and *Twombly* pleading requirements to Title VII claims. (*See* Dkt. 29 at 2 (citing cases)). The Court applies well-established pleading standards to this case.

**DISCUSSION**

**A. Administrative Exhaustion**

Before a plaintiff files suit under the ADA, he must file an administrative charge with the EEOC. *See* 42 U.S.C. § 12117(a) (adopting Title VII enforcement procedures for ADA claims); *id.* § 2000e-5(f)(1) (requiring administrative exhaustion before suit is filed); *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018) ("An ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer."). The administrative exhaustion rule serves the dual purpose of giving the employer notice of the employee's grievance and providing the EEOC and the employer an opportunity to conciliate the matter short of litigation. *E.g.*, *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019).

A plaintiff may only bring claims in federal court that are originally included in or are "reasonably related" to the allegations set forth in the EEOC charge. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011) (internal quotation marks omitted). Among other things, the charge must "implicate the same individuals" that a plaintiff seeks to hail into federal court. *Id.* at 257 (internal quotation marks omitted) (emphasis added); *see also, e.g.*, *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 (N.D. Ill. 2010) (citing *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)) (noting that "judicial proceedings are limited by the nature of the charges filed with the EEOC"). Thus, "a party not named as the respondent in the [underlying EEOC] charge may not ordinarily be sued in a private civil action." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001); *Schnellbaecher*, 887 F.2d at 126; *see also, e.g.*, *Lugo v. Int'l Bhd. of Elec. Workers Local #134*, 175 F. Supp. 3d 1026,

1034 (N.D. Ill. 2016); *Awak v. Heartland All. for Hum. Needs & Hum. Rts.*, No. 11-cv-4133, 2011 WL 6951821, at *4 (N.D. Ill. Dec. 29, 2011).

There is a narrow exception to the administrative exhaustion requirement where an "unnamed party [1] has been provided with adequate notice of the charge, [2] under circumstances where th[at] party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance" (the "*Eggleston* exception"). *Alam*, 709 F.3d at 666 (quoting *Eggleston v. Chi. Journeymen Plumbers' Loc. Union No. 130, U. A.*, 657 F.2d 890, 905 (7th Cir. 1981)); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001); *Schnellbaecher*, 887 F.2d at 126; *see also, e.g.*, *Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619, 627 (N.D. Ill. 2020) (granting motion to dismiss where *Eggleston* exception did not apply); *Kawczynski v. F.E. Moran, Inc. Fire Prot.*, No. 15-cv-3099, 2015 WL 4871029, at *2 (N.D. Ill. Aug. 13, 2015) (denying motion to dismiss and applying *Eggleston* exception). Critically, however, "the fact that one entity [i.e., American Flange] had notice of the charges against it is insufficient to satisfy the *Eggleston* exception as to a <u>related entity</u> [i.e., Greif] that did <u>not</u> have notice of a charge against it or an opportunity to conciliate that charge." *Alam*, 709 F.3d at 667 (emphasis added); *see also Tamayo*, 526 F.3d at 1089 (affirming dismissal where plaintiff merely notified defendant "that an EEOC charge had been filed against someone," but not "that a charge had been filed against *it*") (emphasis in original); *Olsen v. Marshall & Ilsley Corp.,* 267 F.3d 597, 604 (7th Cir. 2001) (explaining that a parent organization not named in the underlying charge must have notice of claims against it, <u>as opposed to its subsidiary</u>, as well as an opportunity to conciliate <u>on its own behalf</u>, rather than its subsidiary's alone); *Schnellbaecher*, 887 F.2d at 126 ("Although [parent corporation] had notice of the charges against [subsidiary], it did not thereby have any notice of any charges against *it*, nor did it have any opportunity to conciliate on its own behalf.") (emphasis

in original); s*ee also, e.g.*, *Sanders v. Symphony Countryside LLC*, No. 19-cv-2308, 2021 WL 1103479, at *2–3 (N.D. Ill. Mar. 23, 2021) (reiterating same); *Bassett v. Sinterloy Corp.*, No. 01-cv-3141, 2002 WL 1888477, at *6–7 (N.D. Ill. Aug. 15, 2002) ("[Plaintiff] must establish more than that [Defendant A] had notice of the EEOC charges against [Defendant B], he must show that [Defendant A] had notice that it was subject to suit. . . . [Plaintiff] cannot rest solely on the parent-subsidiary relationship to demonstrate that [Defendant A] had adequate notice that the EEOC charges were also against it.").

The parties do not dispute that Griffin only named American Flange as the respondent in his EEOC charge. (*E.g.*, Dkt. 19 ¶ 9 ("Griffin filed a charge with EEOC . . . and at that time, named American Flange."); Dkt. 24 at 1 ("The only entity named in the charge was Defendant American Flange.")). The EEOC contends, however, that the *Eggleston* exception excuses any failure to exhaust administrative remedies as to Greif. (Dkt. 28 at 5–7). The issue, then, is whether the FAC sufficiently alleges that Greif had (1) notice that Griffin intended for his EEOC charge to include Greif, and (2) an opportunity to conciliate the EEOC claim on its own behalf. *See, e.g.*, *Alam*, 709 F.3d at 666–67 (citing *Tamayo*, 526 F.3d at 1089). The Court will address each requirement in turn.

First, Greif maintains that the *Eggleston* exception does not apply in this case because the EEOC "failed to provide Greif notice of a charge **against it**, as opposed to a charge against its subsidiary American Flange." (Dkt. 29 at 7 (emphasis in original)). Plaintiff counters, in relevant part, that (1) the EEOC issued a determination letter finding reasonable cause to believe Greif and American Flange discriminated against Griffin,[3] (*see* Dkt. 19 ¶ 10), (2) the EEOC invited both

---

[3] Greif apparently concedes that the EEOC "issued a letter of determination listing Greif as a respondent." (Dkt. 29 at 7). However, Greif argues that the letter "failed to provide Greif notice of a charge against it, as opposed to a charge against its subsidiary American Flange" because it "treated American Flange and Greif as a single corporate entity." (Dkt. 29 at 7). Neither party has adduced the letter of determination at this juncture, however, and so the Court cannot

7

Defendants to participate in the conciliation process, (*see id.* ¶ 11), and (3) Greif "knew or should have known" that the charge was directed at it (and not American Flange alone) given that the employment practices at issue in the charge were "initiated and carried out by Greif," (*id.* ¶ 12). The FAC thus suggests that although Griffin's charge omitted Greif, the EEOC made clear that Greif's own conduct nonetheless exposed it to liability flowing from that charge. Taking Plaintiff's claims as true – as the Court must on a motion to dismiss – the EEOC adequately alleges that Greif had notice of the claims against it. Accordingly, *Eggleston*'s notice requirement was satisfied in this case. *See, e.g.*, *Kawczynski*, 2015 WL 4871029, at *2 (denying motion to dismiss where complaint "allege[d] that Defendant was aware of [Plaintiff's] EEOC Charge," stating "[t]his is all Plaintiff need allege at this stage of the proceedings"); *contra Gress v. Reg'l Transp. Auth.*, No. 17-cv-8067, 2018 WL 3869962, at *2 (N.D. Ill. Aug. 15, 2018) (granting motion to dismiss where "[t]he allegations . . . do not support [finding] that [defendant] had knowledge of its own alleged involvement"); *Wilson v. Kautex, Inc.*, No. 07-cv-60-TS, 2008 WL 474230, at *4 (N.D. Ind. Feb. 15, 2008) (granting motion to dismiss where complaint lacked "any factual allegation suggesting that Defendant . . . had any notice it would be accused of discrimination").

Next, Greif asserts that the *Eggleston* exception is inapplicable because the FAC provides only a conclusory allegation that Greif had the opportunity to conciliate. (Dkt. 24 at 5). Greif argues that even accepting Plaintiff's allegation that Greif took part in the conciliation efforts, Greif lacked any opportunity to conciliate "**on its own behalf**." (Dkt. 29 at 7 (emphasis in original)). Greif supports this argument partly through reference to an EEOC letter addressed to American Flange – and not Greif – informing American Flange that conciliation efforts had failed.

---

adequately assess Greif's argument on this point. The Court thus accepts as true, for purposes of this motion, that the EEOC appropriately communicated its finding of probable cause as to Greif specifically.

(Dkt. 24 at 5 (citing Dkt. 25)).[4] Plaintiff counters that it afforded Greif the opportunity to conciliate the charge on its own behalf, as contemplated by *Eggleston*. (*See* Dkt. 19 ¶¶ 11 (alleging that the EEOC invited both Defendants to informally conciliate the charge), 13 ("The [EEOC] engaged in communications with Defendants to provide each of them the opportunity to remedy discriminatory practices described in the Letter of Determination. Each Defendant had the opportunity to engage in conciliation efforts on its own behalf."), 14 (stating that both Defendants were informed of the failed conciliation efforts); *see also* Dkt. 28 at 6–7 ("Greif was given every opportunity to participate in the conciliation proceedings. . . . Greif was not only notified of but also participated in the conciliation efforts. . . . Greif's arguments specifically ignore their own party participation during conciliation.")). The EEOC's allegations, taken as true for present purposes, satisfy the second *Eggleston* element. *See Alam*, 709 F.3d at 666 (explaining that plaintiffs need only plausibly allege that defendant had an opportunity to participate in conciliation proceedings, and need not adduce "proof" to that end at the pleadings stage); *see also, e.g.*, *Kawczynski*, 2015 WL 4871029, at *2 (applying *Eggleston* exception where the complaint alleged defendant "had the opportunity to participate in the EEOC's conciliation proceedings," holding this was "all Plaintiff need allege" at the motion to dismiss stage); *cf. Hernandez v. Partners Warehouse Supplier Servs., LLC*, 890 F. Supp. 2d 951, 958 (N.D. Ill. 2012) (denying motion to dismiss, explaining that "there is sufficient authority that, at the motion-to-dismiss stage, a Plaintiff is not required to [specifically] plead the *Eggleston* exception factors") (citing *Drebing v. Provo Grp., Inc.*, 494 F. Supp. 2d 910, 913–14 (N.D. Ill. 2007)).

---

[4] A Court may consider documents referred to in a complaint and central to a plaintiff's claim without converting a motion to dismiss into a motion for summary judgment. *See Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Greif introduced the EEOC's conciliation failure letter with its Motion to Dismiss. (*See* Dkt. 25). The Court finds that it is appropriate to consider this letter, given that the EEOC referred to it in the FAC, (Dkt. 19 ¶ 14), and the EEOC does not appear to object to its consideration, (*see generally* Dkt. 28).

Given the foregoing precedents, the EEOC adequately alleged facts warranting an exception to the general rule that a party not named in an EEOC charge cannot be sued under Title VII. Accordingly, Greif is properly before the Court as a defendant in this matter. Greif's Motion to Dismiss [23] is denied.

**B. EEOC's "Single Employer" Theory**

A sizable portion of the briefing now before the Court pertained to the issue of whether American Flange and Greif constitute a "single employer" – such that Plaintiff "was not required to name Greif" in the underlying charge to properly exhaust administrative remedies as to Greif. (Dkt. 29 at 4; *see also* Dkt. 19 ¶ 6; Dkt. 24 at 6–7; Dkt. 28 at 3–5). In pleading their arguments on this point, however, the parties appear to have misconstrued relevant case law. The Court thus offers the following clarification.

Title VII protects an employee from being illegally discriminated against by his "employer" as that term is defined by the statute. *See* 42 U.S.C. §§ 2000e, 2000e-2. The doctrine of alter ego liability – also known as affiliate liability – expands the scope of entities properly considered one's "employer" under Title VII. More specifically, under the alter ego theory of liability, "an entity affiliated with the employer or former employer of a Title VII plaintiff may be named as a Title VII defendant if it has forfeited its limited liability." *Alam*, 709 F.3d at 668 (citing *Worth v. Tyler*, 276 F.3d 249, 260 (7th Cir. 2001); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 941 (7th Cir. 1999)). In turn, as the EEOC and Greif both correctly note, (Dkt. 24 at 6; Dkt. 28 at 3), a corporate entity may forfeit its limited liability status where:

> 1) the traditional conditions for "piercing the corporate veil" are present; or 2) the corporation took actions to sever the small corporation for the express purpose of avoiding liability; or 3) the corporation directed the discriminatory act, practice, or policy of which the employee is complaining; or 4) the corporation is liable based on the misdeeds of its predecessor through successor liability.

*E.g.*, *Wessman v. DDB Chi., Inc.*, No. 12-cv-6712, 2012 WL 6216773, at *2 (N.D. Ill. Dec. 13, 2012) (citing *Worth*, 276 F.3d at 260); *see also Alam*, 709 F.3d at 668 (explaining same) (citing *Worth*, 276 F.3d at 259–60; *Papa*, 166 F.3d at 941).

Critically, the EEOC's "single employer" theory derives from the foregoing case law concerning alter ego liability. (*See* Dkt. 28 at 3 (citing *Worth*, 276 F.3d at 260; *Papa*, 166 F.3d at 941; *Wessman*, 2012 WL 6216773, at *2)). Plaintiff implores the Court to find that Defendants are a single employer because Greif allegedly directed Griffin's discriminatory termination, and because piercing the corporate veil is appropriate under the present circumstances. (Dkt. 28 at 3–4). Plaintiff ultimately asserts that "[b]ecause Greif exercised control over the management and employees of the American Flange facility, and American Flange was named in the original charge, the charge applies equally to both Greif and American Flange." (*Id.* at 5 (emphasis added)). Referring to the same line of cases in arguing its motion to dismiss, (*see* Dkt. 24 at 6 (citing *Worth*, 276 F.3d at 260; *Papa*, 166 F.3d at 940–42; *Wessman*, 2012 WL 6216773, at *2); Dkt. 29 at 4 (same)), Greif attacks the premise that Plaintiff "was not required to name Greif [in the underlying charge] because [Defendants] . . . are actually a single employer." (Dkt. 29 at 4 (emphasis added)).

Although the parties accurately recite the black letter law of alter ego liability, they have misapplied it here. At root, the Motion to Dismiss argues that Plaintiff failed to exhaust administrative remedies against Greif and, therefore, Greif is not a proper party to this suit. (*See* Dkt. 24 at 3 ("Because the [FAC] fails to allege that an EEOC charge was ever filed against Greif . . . dismissal is appropriate."), 6 ("In short, the EEOC did not comply with [Title VII's exhaustion requirement] because they failed to file a charge against Greif prior to initiating the instant suit, and they have not pled facts supporting the application of an exception [to the exhaustion

11

requirement]."), 7 ("Greif was not named as a respondent in the charge, discussed in the contents of the charge, or referred to in any way in the charge filed with the EEOC. . . . [Thus] the EEOC's action against Greif . . . should be dismissed."); Dkt. 29 at 8 ("[T]he central issue in this case is that [Greif] was not named in the [EEOC] charge . . . and was never provided notice of a charge against it, or an opportunity to conciliate on its own behalf. Because the EEOC failed to exhaust its administrative requirements with regard to [Greif], all claims against [Greif] should be dismissed.")). By contrast, **_Worth_, _Papa_, and their progeny do not (in relevant part) address the failure to exhaust administrative remedies;** instead, they discuss circumstances where an action may lie against a defendant's corporate affiliates. In other words, even where a plaintiff can successfully establish an indirect employer's potential liability under _Worth_ and _Papa_, he must still exhaust his administrative remedies as to that indirect employer – or, alternatively, come within the _Eggleston_ exception. _Cf. Tamayo_, 526 F.3d at 1087–89 (reversing dismissal of a defendant where it was (a) named in the EEOC charge <u>and</u> (b) properly deemed plaintiff's indirect employer under _Worth_ and _Papa_). The parties adduce no case law that countervails the Court's reading of _Worth_ and _Papa_, nor has the Court itself identified any such precedents.

Ultimately, the parties appear to conflate separate inquiries concerning administrative exhaustion, on the one hand, and alter ego liability on the other. The "single employer" issue debated by the parties is irrelevant to Greif's motion to dismiss as pleaded.

## **CONCLUSION**

For the reasons set forth above, Greif's Motion to Dismiss the FAC [23] is denied. Greif's Motion to Dismiss the original Complaint [14] is further dismissed as moot.

_____
Virginia M. Kendall
United States District Judge

Date: May 26, 2022