UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FLANGE AND GREIF, INC.<br><br>Defendants. | Case No. 1:21-cv-5552<br><br>Judge Virginia M. Kendall<br><br>**CONSENT DECREE** |

**CONSENT DECREE**

**THE LITIGATION**

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendants American Flange & Manufacturing Co. Inc. d/b/a Tri-Sure ("American Flange") and Greif, Inc. ("Defendants") in the United States District Court for the Northern District of Illinois for violations of the Americans With Disabilities Act (as amended) 42 U.S.C. section 12112(a) and (b) ("ADA"), alleging that Defendants discriminated against Marques Griffin ("Griffin" or "Person Aggrieved") when they refused to provide him with a reasonable accommodation and took adverse employment action because of his disability and/or need for accommodation at the American Flange facility in Carol Stream, Illinois. Upon motion of Defendant, Greif, Inc., the Court granted summary judgment for all claims against Greif, Inc. In the interest of resolving all claims against Defendants American Flange and Grief, Inc. and after engaging in comprehensive settlement negotiations, Plaintiff EEOC, Defendant American Flange, and Defendant Greif, Inc. (collectively, the "Parties") hereby stipulate and agree to entry

1

of this Consent Decree (the "Decree") to resolve Plaintiff's Complaint against Defendants American Flange and Greif, Inc. in *U.S. Equal Employment Opportunity Commission v. American Flange and Greif, Inc.,* Civil No. 1:21-cv-5552 (N.D. Ill.) (the "Action").

2. Defendants filed Answers denying EEOC's allegations that Defendants violated the ADA.

3. The Parties agree that this Action is fully and completely resolved by entry of this Decree. The Decree is made and entered into by and between the EEOC and Defendants American Flange and Greif, Inc. and shall be binding on and enforceable against Defendants, as well as their officers, agents, successors, and assigns. Each party agrees that this Decree is not an admission of the claims or defenses of the other party.

## **FINDINGS**

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds that:

   a) The Court has jurisdiction over the Parties and the subject matter of this litigation;

   b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

   c) The rights of the Parties, the Person Aggrieved, and the public interest are adequately protected by this Decree;

   d) Entry of this Decree will further the objectives of the ADA and will be in the best interests of the Parties, the Person Aggrieved, and the public;

   e) This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person; and

   f) The Court shall retain jurisdiction of this action during the duration of the

Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION

5. American Flange, its officers, agents, supervisory employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from the following: (1) discriminating against an individual because of a disability by failing to provide a reasonable accommodation to such individual; (2) discriminating against an individual by terminating such an individual's employment because of a disability and/or need for a reasonable accommodation; and (3) retaliating against any person because such person complained about discrimination, opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, asserted any rights under this Decree, or engaged in any action required by this Decree.

## DISCRIMINATION POLICIES

6. Within thirty (30) calendar days of the date of the entry of this Decree, American Flange shall adopt or affirm, and maintain through the Term of this Decree, policies covering employees including employees of temporary employment agencies, of its Carol Stream, Illinois location specifically prohibiting disability discrimination, including but not limited to policies providing for reasonable accommodations in the absence of undue hardship, specifically mentioning excused medical leave as a possible reasonable accommodation for disabilities, requiring engagement in the interactive process to determine appropriate accommodations, and prohibiting retaliation for any complaints of discrimination or retaliation for requesting a reasonable accommodation. Such policies shall, at minimum:

a) Describe employees' rights and employers' responsibilities under the ADA, including that federal law requires American Flange to timely provide reasonable accommodations in the absence of undue hardship to all employees with disabilities, and to provide equal opportunities to all employees with disabilities with regard to all terms, conditions, benefits, and privileges of employment;

b) State that American Flange shall timely provide reasonable accommodations to employees and temporary employees with disabilities and shall describe the procedure for employees and temporary employees to request reasonable accommodations. The policy will include as a potential reasonable accommodation excused medical leave and will describe procedures to request it. Also, the policy will provide for a prompt, thorough, and effective interactive process that includes direct communication with the requesting employee to determine the need for reasonable accommodation and available reasonable accommodations, include follow-up procedures to ensure that any provided accommodation continues to be effective, and provide points of contact for employees to communicate questions or concerns at any time in the process;

c) State that American Flange will timely address any complaints of disability discrimination and describe the procedure for employees, including temporary employees, to make such complaints.

d) Require that any employee in a supervisory or human resources position who receives a complaint of disability discrimination or a request for a reasonable

       accommodation under the ADA, whether from an individual employed at American Flange or by a temporary employment agency promptly report such complaint or request to a designated human resources employee.

    e) Describe a complaint process for employees or applicants who believe they have been subjected to disability discrimination, including but not limited to the provision of reasonable accommodations under the ADA;

    f) State that employees who make complaints of discrimination and requests for reasonable accommodations, or who provide information related to complaints of discrimination are protected against retaliation; and

    g) State that American Flange will take immediate and appropriate corrective action when it determines that discrimination or retaliation has occurred.

7. No later than ninety (90) days after the Effective Date of this Decree, American Flange shall provide to EEOC a copy of all policies and procedures related to disability discrimination, including but not limited to the provision of reasonable accommodations under the ADA; such policies and procedures shall conform to the provisions of Paragraph 6 of this Decree.

8. No later than one hundred and twenty (120) days after the Effective Date, American Flange shall distribute its policies to all its employees, including temporary employees.

9. No later than one hundred and thirty (130) days after the Effective Date, American Flange shall submit to EEOC a statement confirming distribution of the policies to all its covered employees.

10. Nothing in this Decree represents an endorsement by EEOC or by the Court that Defendant or any of the above-described policies comply with federal anti-discrimination laws.

## MONETARY RELIEF

11. Within ten (10) business days of the approval of this Decree by the Court or within ten (10) business days after Defendant receives the Release, attached as **Exhibit A**, signed by Griffin, whichever is later, American Flange shall cause Griffin to be paid the gross sum of $40,000.00 in two checks as follows: with a) $20,000 of that amount in alleged compensatory damages for which American Flange will issue a United States Internal Revenue Service Form 1099, and b) of $20,000 for alleged backpay less the employee's share only of applicable withholdings and for which American Flange will issue a United States Internal Revenue Service Form W-2. American Flange shall not withhold any portion of the gross sum to cover the employer's share of any payroll or other taxes. American Flange shall provide EEOC with a receipt or other record showing transmission of the funds to Griffin.

12. If any portion of the monetary relief is not transferred to Griffin within ten (10) business days of the approval of this Decree by the Court or after Defendant receives a Release, attached as **Exhibit A**, signed by Griffin, whichever is later ("Unpaid Amount"), then for each business day beyond the tenth business day that such portion remains unpaid, Defendant shall pay to Griffin, in the manner set forth above, an amount equal to the greater of $50.00 or 0.1% of the Unpaid Amount.

## POSTING OF NOTICE

13. No later than ten (10) business days after entry of this Decree, and continuously for the duration of this Decree, American Flange shall post copies of the Notice attached as **Exhibit B** to this Decree on the bulletin board regularly used by American Flange for posting

legal notices concerning employee rights in its Carol Stream, Illinois location. American Flange shall regularly monitor the posting to confirm that is has not been altered, defaced, or covered by any other material. No later than fifteen (15) business days after entry of this Decree, American Flange shall certify to EEOC in writing that the Notice has been properly posted and distributed in accordance with this Paragraph. The EEOC may conduct a limited virtual inspection of Defendant's premises at reasonable intervals for the purpose of confirming that the Notice is posted in compliance with this Paragraph. To facilitate inspection, Defendant will designate one or more management or human resources employees with access to Defendant's Carol Stream, Illinois facility, and who has access to a mobile video calling service, such as Teams, Zoom, Google Meet, or FaceTime. The EEOC may contact the designated employee and request video confirmation that the Notice is posted. As soon as reasonably practicable after receiving the EEOC's request for confirmation, the designated employee will provide live video of the Notice and its posting.

## **RECORD KEEPING**

14. During the term of this Decree, American Flange must retain records of each request for an accommodation of a mental or physical impairment as well as every complaint or report of disability discrimination in which the complaint includes allegations that American Flange failed to provide a reasonable accommodation, as well as all documents received or created as part of any investigation into such complaint of disability discrimination.

15. For each such complaint of disability discrimination and request for accommodation, described in Paragraph 14, above, such records shall include when known: (a) the name of the individual who made the complaint or request and that individual's address and telephone number; (b) the date of the complaint or request; (c) a description of what was alleged

or requested; (d) the name and position of all employees who were made aware of the complaint or request; (e) a written description of the resolution or outcome, including a description of what actions, if any, American Flange took, and the name and position of all employees who were involved in any such actions taken; (f) whether an accommodation was offered in response to a request for accommodation, and, if so, what the accommodation was and whether it was accepted; and (g) if the complaint or report was made in written form, a copy thereof; and (h) all non-privileged and non-work product documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

16. Solely for the purpose of verifying compliance with this Decree, American Flange shall make available for inspection and copying any records referred to in Paragraph 15, above, if requested by EEOC. Such documents and records will be made available within twenty-one (21) days of EEOC's request. American Flange agrees to respond within fourteen (14) days to follow up questions from EEOC to verify compliance with this Decree.

## REPORTING

17. American Flange shall furnish to EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after the entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

> a) A summary of all requests and complaints described in Paragraph 14, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a

        certification by American Flange that no complaints of disability discrimination, including but not limited to the provision of reasonable accommodations under the ADA or report of retaliation resulting from any such complaint as described in Paragraph 14, above, were received during that period; and

    b) A certification by American Flange that the Notices required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

## TRAINING

18. During the term of the Decree, American Flange shall provide annual training to all of its plant managers and supervisors at its location in Carol Stream, Illinois and any of its human resources employees who manage human resources for the Carol Stream location. Such training shall cover the federal laws which prohibit employment discrimination, including obligations of employers under the ADA to prohibit and address disability discrimination, including but not limited to the provision of reasonable accommodations under the ADA. The training will encourage managers and human resources personnel to recognize when employers' duties to engage in the interactive process under the ADA are triggered, such as when an employee, including a temporary employee, presents documentation of a disability while requesting an excused absence. American Flange shall repeat this training at least once every twelve (12) months for the duration of the Decree. The first annual training shall be completed within ninety (90) days of entry of the Decree. A registry of attendance shall be maintained for

9

each training session required under this Paragraph.

19. American Flange shall obtain the EEOC's approval of its proposed trainer before the commencement of any training session required under paragraph 18. The trainer shall not be the owner, an officer, or an employee of American Flange. American Flange shall submit the names(s), address(es), telephone number(s), resume(s) and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty-eight (28) calendar days prior to the proposed date of each training session. The EEOC shall have fourteen (14) calendar days from the date it receives the information described above to accept or reject the proposed trainer(s), training proposal, and/or training materials. Defendant shall have seven (7) calendar days to identify an alternate trainer(s) and/or make changes to the training proposal and/or training materials. The EEOC shall then have seven (7) calendar days from the date it receives the information described to respond. If the parties cannot agree on the trainer or training content through this process, any party may seek the Court's assistance in resolving the dispute under Paragraphs 21 and 22 below.

20. No later than ten (10) business days after each training session described in Paragraph 18 above takes place, American Flange shall certify to EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name, position, and location of all the employees subject to the training requirement, specifically denoting any employees who did not receive the training and providing makeup training for those individuals within ten (10) business days; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials

provided or displayed to the personnel attending each training session, if not already provided to EEOC.

## **DISPUTE RESOLUTION**

21. If EEOC believes that American Flange is not complying with this Decree, EEOC will notify American Flange, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of this Decree that the EEOC believes American Flange has violated or breached. American Flange shall have fourteen (14) business days from receipt of the written notice to attempt to resolve, cure or remedy the breach or satisfy EEOC that Defendant complied with the Decree. The Parties may agree to extend this period upon mutual consent.

22. If American Flange has not remedied the alleged breach or satisfied EEOC that they have complied, and the Parties have reached no resolution or agreement to extend the time further, EEOC may petition this Court for resolution of the dispute. In resolving any dispute under this Paragraph, if the Court finds noncompliance by a preponderance of the evidence, the Court may grant any relief it determines to be appropriate, including extending the term of the Decree.

## **TERMS AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION**

23. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

24. This Decree shall remain in effect, and the Court will retain jurisdiction of this matter to enforce this Decree, for a term of thirty (30) months immediately following the entry of the Decree, unless extended by order of this Court.

25. If any disputes under Paragraphs 21 and 22 remain unresolved at the end of the term of the Decree, the Court will retain jurisdiction of this matter to enforce the Decree until

such time as all such disputes have been resolved and may grant relief as provided for in Paragraph 22.

## MISCELLANEOUS PROVISIONS

26. Defendant American Flange, Defendant Greif, Inc, and Plaintiff EEOC shall each bear their own expenses, attorneys' fees, and costs.

27. To the extent permitted by law, the terms of this Decree are and shall be binding on the present and future owners, directors, officers, managers, agents, successors, and assigns of American Flange. Prior to any sale or other transfer of American Flange's business or sale or other transfer of all or a substantial portion of any of American Flange's assets, American Flange shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

28. When this Decree requires a certification by American Flange required in Paragraph 13 and Paragraph 20 of any fact(s) and the certification is not provided by legal counsel for American Flange, such certification shall be made by an owner, officer, or management employee of American Flange to the best of the knowledge, information, and belief of such owner, officer, or management employee and shall be subject to 18 U.S.C. sec 1001.

29. American Flange shall reasonably cooperate for the purposes of verifying compliance with this Decree including by making supervisory employees available to EEOC for interview upon request by EEOC.

30. The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it

will provide to the IRS.

    a)    Defendant American Flange's EIN is: <u>13-0431355</u>.

b) The individual to whom the EEOC should email a copy of the form 1098-F, if required to do so, is:

Name: Windy Warnick

Email Address: Windy.Warnick@greif.com

    31.    When this Decree requires the submission by American Flange of reports, certifications, notices, or other materials to EEOC, they shall be sent by electronic mail to carrie.vance@eeoc.gov, armando.fernandez@eeoc.gov, and CDO_Decrees@eeoc.gov.

## **MODIFICATION AND SEVERABILITY**

    32.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing.

    33.    If one or more provisions of the Decree are deemed unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved with the remaining provisions.

**SO ORDERED, ADJUDGED and DECREED** on this 12th day of March 2025.

By the Court:

                                           Chief Judge Virginia M. Kendall,
                                           United States District Court, District of Illinois

AGREED TO IN FORM AND CONTENT:

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **AMERICAN FLANGE AND GREIF INC.** |
| CHRISTOPHER LAGE<br>Deputy General Counsel<br>131 M. Street NE<br>Washington, DC 20507 | Respectfully submitted,<br><br>s/Daniel J. Clark_____<br>Daniel J. Clark (Ohio Bar No. 0075125)\*|
| GREGORY GOCHANOUR<br>Regional Attorney | Michael J. Shoenfelt (Ohio Bar No. 0091154)\*<br>Vorys, Sater, Seymour and Pease LLP<br>52 East Gay Street, P.O. Box 1008 |
| ETHAN COHEN<br>Assistant Regional Attorney | Columbus, OH 43216-1008<br>Phone: (614) 464-6436<br>Facsimile: (614) 719-4650<br>*djclark@vorys.com*<br>*mjshoenfelt@vorys.com* |
| s/*Carrie Vance*_____<br>Carrie Vance<br>Senior Trial Attorney | *cecohen@vorys.com*<br>\* *Admitted pro hac vice* |
| U.S. EEOC Milwaukee Area Office<br>310 W. Wisconsin Ave., Ste. 500<br>Milwaukee, Wisconsin 53203<br>414.662.3686 (phone)<br>Carrie.Vance@eeoc.gov | James K. Borcia<br>Tressler LLP<br>233 South Wacker Drive, 61st Floor<br>Chicago, IL 60606<br>Phone: (312) 627-4000<br>Fax: (312) 627-1717<br>jborcia@tresslerllp.com |
| s/*Armando Fernandez*_____<br>Armando Fernandez<br>Trial Attorney<br>U.S. EEOC Chicago Area Office<br>230 S. Dearborn St., Suite 2920<br>Chicago, IL 60604<br>312.872.9656 (phone)<br>Armando.Fernandez@eeoc.gov | ATTORNEYS FOR DEFENDANTS |
| ATTORNEYS FOR PLAINTIFF | |

**EXHIBIT A**

**RELEASE AGREEMENT FOR PERSON AGGRIEVED**

In consideration of $40,000 to be paid to me by Defendant American Flange in connection with the resolution of *EEOC v. American Flange and Greif Inc.*, No. 1:21-cv-5552 (N.D. Ill.), I waive my right to recover for any claims of disability discrimination arising under the Americans with Disabilities Act that I had against Defendants American Flange and Greif, Inc. on or before the date of this release and that were included in the claims in the EEOC's complaint in *EEOC v. American Flange and Greif Inc.* No. 1:21-cv-5552 (N.D. Ill.).

Signed: _____  Date: _____

       Marques Griffin

**EXHIBIT B**

## **NOTICE TO AMERICAN FLANGE EMPLOYEES**

This Notice is posted pursuant to a Consent Decree entered by the federal court in the District of Illinois resolving a lawsuit filed by U.S. Equal Employment Opportunity Commission (EEOC) against Defendant American Flange *EEOC v. American Flange and Greif Inc.*, Civil No. 1:21-cv-5552.

In this lawsuit, EEOC alleged that American Flange violated the Americans with Disabilities Act (as amended) 42 U.S.C. section 12112(a) and (b) ("ADA") by refusing to provide an employee with a reasonable accommodation and took adverse employment action because of his or her disability and/or need for accommodation. American Flange denied these allegations.

To resolve this case the parties entered a Consent Decree requiring, among other things, that:

1. American Flange will pay monetary damages to the employee who was affected by the violations;

2. American Flange is enjoined from discriminating against any employee, including temporary employees, by refusing to provide a reasonable accommodation or taking adverse employment action because of his or her disability and/or need for accommodation; and

3. American Flange will adopt and distribute a policy prohibiting discrimination against an employee by refusing to provide a reasonable accommodation, taking adverse employment action because of his or her disability and/or need for accommodation and provide training to its employees on the policy and the requirements of ADA.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex, religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's website at: www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 872-9777 or by TTY at 1-800-669-6820. EEOC charges no fees.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for thirty (30) months from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed by email to Carrie.Vance@eeoc.gov or Armando.Fernandez@eeoc.gov.

3/12/2025
Date

_____
Chief Judge Virginia M. Kendall